W. R. Winchester v. Commissioner.
W. Winchester v. Commissioner
Docket No. 10473.
United States Tax Court
1947 Tax Ct. Memo LEXIS 268; 6 T.C.M. (CCH) 314; T.C.M. (RIA) 47073; March 25, 1947
*268 On the facts held that during the taxable year the petitioner and his wife, with the intention to do so, were carrying on business in partnership to which the wife contributed capital and vital services equivalent to those contributed by the petitioner. Further held that such partnership was upon an equal basis and the petitioner is taxable upon only one-half of the profit realized. Joshua W. Miles, Esq., 501 First National Bank Bldg., Baltimore 2, Md., for the petitioner. E. L. Corbin, Esq., for the respondent. LEECH
Memorandum Findings of Fact and Opinion LEECH, Judge: Respondent has determined a deficiency in income and victory tax for the calendar year 1943 in the sum of $16,182.71. This deficiency arises through the inclusion in petitioner's income of the total gain derived from the operation of a business known as the Winchester Hotel, one-half of the income from this business having been reported by petitioner's wife as partnership income realized by her. The only submitted issue is whether or not a partnership existing in the calendar year 1943 between petitioner and his wife may be recognized for income tax purposes. Findings of Fact Petitioner *269 is a resident of Port Deposit, Maryland, and together with his wife, Margaret Winchester, operates a business known as the Winchester Hotel in that city. His return for the calendar year 1943 was filed with the collector of internal revenue at Baltimore, Maryland. Petitioner and his wife, Margaret Winchester, were married in 1935. He had shortly prior to that time begun the operation of a restaurant at Port Deposit. He had no capital, and the restaurant was operated in leased premises. He did not own the equipment. At the time of their marriage, Margaret Winchester had approximately $500. This was contributed to the business and it was agreed by the two verbally that they would jointly operate the business and put back into it all profits. Following this, Margaret Winchester devoted all of her time to the active operation of the restaurant, performed practically every duty necessary. She kept the accounts, waited on table, acted as cashier, and supervised the work in the kitchen. Shortly after petitioner's marriage, he and his father purchased the premises on which the restaurant was located, together with a small hotel and bar adjoining. The title to these properties was taken *270 jointly in the name of the petitioner and his father. Shortly after this, petitioner's father died and he acquired sole title to the premises. Following this, the petitioner acquired a small apartment house adjoining, the title being taken in his name. The funds necessary for the acquisition of these properties were borrowed from the Cecil National Bank. At no time had petitioner and his wife drawn salaries from the business. Each had maintained a separate bank account. The account of petitioner was used for the deposit of the income from the business. His wife's account was made up of amounts given her from the receipts. Petitioner's wife drew checks upon her personal account for payments made to the Cecil National Bank upon the note executed by petitioner for the purchase of the properties hereinbefore referred to. Other checks were drawn by her in payment for repairs and improvements to the buildings. In February 1942, petitioner and his wife were approached by an insurance and estate planning agent who inquired about their business and the method in which the properties were held, and who then advised them that they should execute a formal partnership agreement and should have *271 the title to the properties transferred to them in an estate by the entirety, and that they should execute reciprocal trust wills. The petitioner and his wife accepted this advice and consulted an attorney and on February 10, 1942 they called jointly at the Cecil National Bank and had their separate accounts consolidated into a joint account subject to check by either party. Reciprocal wills were drawn for petitioner and his wife by the attorney, together with a deed from petitioner to a straw man covering the restaurant, hotel, bar and apartment house, and a deed for the same properties from such straw man to petitioner and his wife in an estate by the entirety. These instruments were duly executed and the conveyances effected on March 24, 1942. The attorney at that time stated that he would draw the contract of partnership, but overlooked the matter. His attention was called to it several times following this, but each time he was busy and stated that he would prepare the instrument when he had an opportunity but that he did not consider it as a matter of importance as the parties had actually been carrying on the business in partnership. The formal partnership agreement was finally *272 executed on March 15, 1944, the day petitioner and his wife filed their income tax returns and a partnership return for the calendar year 1943, this being the first partnership return filed by them. Petitioner and his wife ever since their marriage have carried on the business together, each contributing his or her entire time to its operation, and the services of petitioner's wife to the business have been of the same character as those performed by petitioner and of equal importance and value. These services have been performed by both with an understanding at all times that the business was theirs jointly. The profits of the business have throughout the years been expended in the improvements of the properties. In the calendar year 1943, here in question, petitioner and his wife intended to do and did carry on the business as a bona fide partnership and, as so operated, petitioner's wife contributed both capital and services. Opinion It is well established that a partnership may exist between the husband and wife where each contributes either capital or essential services or both. ; . *273 Here the record is convincing that the business in question has been jointly operated continuously by petitioner and his wife and that the services rendered by the wife were as valuable and as material in the production of the income as were those rendered by petitioner. The original capital invested in the business was that of the wife and the business has at all times been considered by them as one belonging to them jointly. The fact that no partnership returns were filed prior to the taxable year here involved is, we think, immaterial, and the same may be said with respect to the fact that the formal contract of partnership was not executed until after the taxable year. The parties had, prior to the taxable year, consolidated their accounts into a joint account subject to withdrawal by either, and had formally notified the bank that it was a partnership account and that they were carrying on business in partnership. We think that, on this record, the tests laid down in the Tower and Lusthaus cases have been fully met and support the conclusion that petitioner and his wife were carrying on business in partnership during the calendar year 1943. Decision will be entered for the *274 petitioner.